IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PETAR TODOROV,

                              Plaintiff,                              OPINION AND ORDER

        v.
                                                                      21-cv-719-wmc

RECEIVABLES PERFORMANCE
MANAGEMENT LLC.

                              Defendants.

Plaintiff Petar Todorov brought suit in state court against defendant Receivables Performance Management LLC ("RPM") for allegedly sending him a misleading letter offering to "settle" his debt in violation of the Fair Debt Collection Practices Act ("FDCPA"). RPM then removed the case to federal court, asserting that this court has jurisdiction. RPM has now filed a motion for summary judgment (dkt. #15,) arguing that Todorov lacks standing to proceed for lack of a cognizable injury. Since this argument, if correct, necessarily means the court lacks Article III jurisdiction, plaintiff has moved to remand. (Dkt. #22.) As the removing party has the burden of establishing Article III standing, and neither party now believes it exists, remand is the only appropriate response to defendant's motion without any decision on the merits.

BACKGROUND

Todorov filed his FDCPA case against RPM on October 6, 2021. (Notice of Removal (dkt. #1) ¶ 1.) On November 12, 2021, defendant removed the case to the District Court for the Western District of Wisconsin under 28 U.S.C. § 1331. (Id. ¶ 9.) However, in its motion for summary judgment filed over seven months after removal, RPM

now asserts that "there is no evidence establishing that Plaintiff suffered anything more than an alleged procedural violation of the FDCPA, which is insufficient to confer Article III standing." (Def.'s Op. Br. (dkt. #15) 2.) Todorov does not dispute that he lacks Article III standing and is requesting remand to the state court, which RPM opposes.

OPINION

While RPM alleges that it removed this case in good faith, RPM's counsel, Daniel Feinberg of Gordon Rees Scully Mansukhani, LLP, has already had no less than four cases within this circuit remanded under the exact same circumstances. *See generally Nelson v. United Collection Bureau, Inc.*, No. 1:21-cv-03921 (N.D. Ill. Dec. 10, 2021); *Gross v. Westward360 Inc.*, No. 21-cv-004009 (N.D. Ill. Nov. 1, 2021); *Keevan v. Northstar Location Services, LLC*, No. 1:21-cv-04020 (N.D. Ill. Oct. 28, 2021); *Markovic v. United Collection Bureau Inc.*, No. 20-CV-1680-BHL, 2021 WL 842121 (E.D. Wis. Mar. 5, 2021). This court sees no reason to reach a different conclusion. Indeed, RPM and its counsel fail to even attempt to distinguish these unfavorable opinions cited by plaintiff.

Regardless, for cases that have been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Keevan*, No. 1:21-cv-04020 at *1. Here, the three elements for standing are injury in fact, causation, and redressability. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Notably, the Seventh Circuit has repeatedly held that the violation of the FDCPA alone is *not* an injury in fact absent an "appreciable risk of harm." *Markakos v. Medicredit, Inc.*, No. 20-2351, 2021 WL 1937267 (7th Cir. May 14, 2021) (citing earlier 7th Cir. cases). Here, since both parties now concede that Todorov

2

lacks an injury in fact sufficient to establish Article III standing for purposes of federal jurisdiction, either dismissal or remand is appropriate.

While RPM argues for dismissal, "[t]he removing party bears the burden of demonstrating the propriety of removal, and any doubt regarding jurisdiction should be resolved in favor of remand." *Gross v. Westward360 Inc.*, No. 21-cv-004009 at *2 (N.D. Ill. Nov. 1, 2021) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Worse, in all four cases in which RPM's counsel attempted this same maneuver, he similarly argued for dismissing the case with prejudice, rather than remanding it to state court. *Nelson*, No. 1:21-cv-03921 ("Defendants ask this Court to dismiss the case for lack of standing instead of remand the case for lack of standing"); *Gross*, No. 21-cv-004009; *Keevan*, No. 1:21-cv-04020; *Markovic*, No. 20-CV-1680-BHL, 2021 WL 842121. While RPM focuses on the fact that plaintiff would also be unable to show standing in Wisconsin state court, making remand futile, the accuracy of that argument is not for this court to decide, since it lacks any jurisdiction to hear the case, much less dismiss the case on its merits. *See Markovic*, No. 20-CV-1680-BHL, 2021 WL 842121 ("Whether a plaintiff who has not suffered an injury in fact can proceed in that forum under Wisconsin standing rules is for the state court to decide.")

Finally, the court notes that RPM now argues at summary judgment that Todorov's original *complaint* did not provide a sufficient basis for Article III standing. (Def.'s Op. Br. (dkt. #16) 7.) If true, RPM could not and should not have removed the case in good faith in the first place, as a case should only be removed where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In particular, as a repeat

offender and officer of the court with independent and higher ethical obligations, RPM's counsel is admonished that it cannot in good faith remove a case to federal court if it believes the plaintiff lacks standing, as subject matter jurisdiction is required for removal to federal court. Doing otherwise is not just an egregious waste of judicial resources, of which counsel has apparently made habit, but a violation of a panoply of ethical duties as an advocate before this court. *See* Wis. Stat. §§ 20.3.1(a) ("Meritorious claims and contentions"), 20.3.3.(a) ("Candor toward the tribunal"), & 20.4.1 ("Respect for the rights of 3rd persons").

Understandably, given this history, plaintiff asks for fees and costs associated with this motion under 28 U.S.C. § 1447(c). Given that counsel for RPM has consistently used inappropriate removal in FDCPA cases, such award appears reasonable. *See Nelson*, No. 1:21-cv-03921; *Gross*, No. 21-cv-004009; *Keevan*, No. 1:21-cv-04020; *Markovic*, No. 20-CV-1680-BHL, 2021 WL 842121. While previous courts have declined to award fees or double costs, this will be the fifth case within the Seventh Circuit finding that counsel removed a case without subject matter jurisdiction, giving counsel more than enough notice that the behavior is improper. While plaintiff suggests that RPM should also be held liable for fees and costs, as RPM was a party in *Gross*, making this its second improper removal, the court will not hold RPM liable for the now repeat actions of its counsel at this time, as it cannot be expected to know that counsel has been engaging in such behavior with other clients, nor necessarily understand its impropriety, although, it, too, is now on notice. Thus, Gordon Rees Scully Mansukhani, LLP, will be ordered to pay double costs, plus

4

attorney fees as a result of their bringing a motion for summary judgment on the merits, rather than stipulating to a remand for lack of jurisdiction.[1]

## ORDER

IT IS ORDERED that:

1) Defendant RPM's motion for summary judgment (dkt. #15) IS DENIED AS MOOT;

2) Plaintiff Todorov's motion for remand (dkt. #22) is GRANTED;

3) Plaintiff Todorov's motion for stay (dkt. #25) IS DENIED AS MOOT;

4) The Clerk of Court is directed to REMAND this case to the Circuit Court of Dane County, Wisconsin; and

5) Plaintiff Todorov has until October 31, 2022, to submit its request for attorney fees and costs, along with supporting documentation incurred since RPS's filing of its motion for summary judgment.  Counsel for RPM may file any opposition to that request on or before November 10, 2022, provided it is accompanied by its own invoices and time records for legal work performed during the same period.

Entered this 20th day of October, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] But for the fact that no appeal to the Seventh Circuit is generally possible from a district court's remand order, *Linder v. Union Pacific R. Co.*, 762 F.3d 568, and it is possible (although unlikely) that the Gorden Rees firm may have thought plaintiff may have standing at the time of removal, this court would have awarded all fees owed by Todorov since RPM 's filing of the removal.